```
UNITED STATES FOR THE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KADARKO JAMES,                                    :

                Plaintiff,                        :

        -against-                                 :       **MEMORANDUM AND
                                                           ORDER**
CAPTAIN HAYDEN, MR. L. LEWIS,                     :
MR. TAYLOR, CAPTAIN 302 SULLYVAN,                         06 Civ. 12911 (RMB)(KNF)
MR. HARRIS,                                       :

                Defendants.                       :
------------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I. INTRODUCTION

Kadarko James ("James"), proceeding pro se and in forma pauperis, commenced this action, pursuant to 42 U.S.C. § 1983, alleging that Captain Hayden, Corrections Officer Lewis, Corrections Officer Taylor, Captain Sullyvan, and Corrections Officer Harris–all of whom were employees of New York City's George R. Vierno Center ("GRVC"), on Riker's Island–violated his First and Eighth Amendment rights by making him feel uncomfortable sexually, or assaulting him, during strip searches performed prior to James' attendance at court proceedings. James requests that the Court appoint counsel to assist him in prosecuting this action. At the time he filed his motion, James was incarcerated by the New York State Department of Correctional Services ("DOCS") at Five Points Correctional Facility ("FPCF"). His application is addressed below.

## II. BACKGROUND

In his complaint, James alleges that: (1) on March 16, 2006, during a strip search, Officer Lewis ordered that James give Lewis his "boxer briefs, [and] lift [his] testic[les] [and] pen[]is, to

the left, right, up [and] down," which caused James to feel "sexually unsafe" and "uncomfortable"; (2) on September 6, 2006, Sullyvan "engaged in a dialogue" with Hayden; (3) on September 8, 2006, during a strip search, Taylor told James to remove his underwear, but James did not do so and Taylor "left [him] alone"; and (4) on September 11, 2006, during a strip search, Deputy Gaskin told James to remove his underwear and that, if James failed to do so, "whatever physical condition" James was in thereafter was "on [James]," after which (a) Harris "ripped [James'] underwear off," (b) Captain Hayden "bang[ed] [James'] head into the wall [and] . . . kneed [him] in [the] lower back," (c) Harris "grabbed [James'] ankles and swe[pt] [him] off [his] feet," causing James to hit his head "very hard on the ground," and (d) James was kicked and his hair was pulled.  James alleges that, as a result of the latter incident, he "sustained a very sore neck, a twisted left ankle," and experienced "back spasm[s]," "pungent occurrences of pain," and further injury to his "reconstructed right knee."  In connection with his First Amendment claim, James references his religion only once, noting that he "did not con[s]ent to walking around a gym [where the strip searches were performed] naked," because "it's against [his] religion."  James requests that his claims be investigated and that he be "moved to a safe environment where [his] most basi[c] and most fundamental rights will not be violated."

### III.  DISCUSSION

Unlike criminal defendants, prisoners, such as plaintiff, and indigents filing civil actions have no constitutional right to counsel.  However, 28 U.S.C. § 1915(e)(1) provides that the Court may request an attorney to represent any person unable to afford counsel.  Plaintiff made an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, which was granted.  Therefore, he is within the class to whom 28 U.S.C. § 1915(e)(1) applies.

2

"In deciding whether to appoint counsel, [a] district court should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 986, 112 S. Ct. 596 (1991). This means that it appears to the court "from the face of the pleading[s]," (see Stewart v. McMickens, 677 F. Supp. 226, 228 [S.D.N.Y. 1988]), that the claim(s) asserted by the plaintiff "may have merit," (see Vargas v. City of New York, No. 97 Civ. 8426, 1999 WL 486926, at *2 [S.D.N.Y. July 9, 1999]), or that the plaintiff "appears to have some chance of success. . . ." Hodge, 802 F.2d at 60-61. The pleadings drafted by a pro se litigant, such as James, are to be construed liberally and interpreted to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

"[A] transfer from a prison facility moots an action for injunctive relief against the transferring facility." Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996). In the case at bar, James requests only injunctive relief–i.e. that he be moved to a "safe environment" where his rights will not be violated. The incidents described in James' complaint occurred at GRVC; James is no longer incarcerated by the New York City Department of Corrections at GRVC, but rather, is confined by DOCS, at FPCF.

The "capable of repetition, yet evading review," exception to the mootness doctrine applies when: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again." Murphy v. Hunt, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183 (1982). In Pugh v. Goord, ___ F. Supp. 2d ___, No. 00 Civ. 7279, 2008 WL 2967904, at *1 (S.D.N.Y. July 31, 2008), Pugh sought injunctive and declaratory relief based on the DOCS' failure to mandate "Jumah" services for Shi'ite inmates at the Mid-Orange and

3

Fishkill Correctional Facilities. At the time decision was entered, Pugh resided at the Adirondack Correctional Facility. The district court found that Pugh's action was not moot, as it was "capable of repetition, yet evading review." Id. at *4-5. Specifically, the court found that the "duration element [was] satisfied, due to DOCS' ability to freely transfer Pugh between facilities prior to full litigation of his claims," and noted that a claim was not moot "where the same conditions that underlie the plaintiff's litigation are present at the new facility." Id. at *5. Additionally, the court found a "reasonable expectation [exists] that the same complaining party [will] be subject to the same action again," since "no separate Shi'ite Jumah services appear to be currently available . . . where Pugh is housed." Id. (Internal quotation and citation omitted).

Looking solely to the face of the pleadings, there is no indication that James will be subjected to group strip searches, or assaulted physically, at FPCF. Since the pleadings are devoid of any details showing that "the same conditions that underlie the plaintiff's litigation are present at the new facility," it cannot be said that a "reasonable expectation [exists] that [James will] be subject to the same action again." Id. (Internal quotation and citation omitted). Since it appears that the plaintiff's claims may be moot, the Court finds that the plaintiff's position is not likely to be of substance. Consequently, the Court is not persuaded, upon the face of the pleadings, that the claims asserted by James warrant the appointment of counsel. Therefore, the plaintiff's request, that the Court appoint counsel to represent him, is denied.

Dated: New York, New York
October 16, 2008

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Kadarko James
06-A-6299
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, NY 14541

Sumit Sud, Esq.
New York City Law Department
100 Church Street
New York, NY 10007