UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KADARKO JAMES,                              :
                                            :
                    Plaintiff,              :
                                            :
        -against-                           :
                                            :
CAPTAIN HAYDEN, MR. L. LEWIS,               :
MR. TAYLOR, CAPTAIN 302 SULLYVAN,           :
and MR. HARRIS,                             :
                                            :
                    Defendants.             :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/21/10

06 Civ. 12911 (RMB) (KNF)

**DECISION & ORDER**

### I.    Background

On or about November 3, 2006, pro se plaintiff Kadarko James ("Plaintiff" or "James"),

currently incarcerated at George Motchan Detention Center, Rikers Island, commenced this

action pursuant to 42 U.S.C. § 1983 against retired Captain George Hayden ("Hayden"), George

R. Vierno Center, Rikers Island ("GRVC"); Correction Officer Lawrence Lewis ("Lewis"),

GRVC; Correction Officer Craig Taylor ("Taylor"), GRVC; Captain Brian Sullivan ("Sullivan"),

GRVC; and Correction Officer Charles Harris ("Harris"), GRVC (collectively, "Defendants").

Plaintiff alleges that Defendants violated his First and Eighth Amendment rights by (1) requiring

him to participate in a "group strip search" on September 11, 2006 in violation of his religion;

(2) verbally abusing him; (3) assaulting him on September 11, 2006; and (4) conspiring with an

assistant district attorney, Bronx County, New York, to secure his conviction.  (Compl. at

handwritten 1–8.)

On January 11, 2010, Defendants moved for summary judgment pursuant to Rule 56 of

the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), arguing that: "(1) [D]efendants' strip

searches of [P]laintiff were constitutional; (2) [P]laintiff's verbal harassment claim . . . does not

constitute a violation of his constitutional rights; (3) any force used against [P]laintiff on

September 11, 2006 [and at other times] was de minimis; and (4) [P]laintiff[] fails to state a

claim for conspiracy." Defendants also contend that (5) the Prison Litigation Reform Act

("PLRA"), 42 U.S.C. § 1997e(a), precludes Plaintiff's First Amendment claims because Plaintiff

failed to exhaust all administrative remedies concerning his allegations that "his Rastafarian

religious beliefs were violated"; (6) Defendants are entitled to qualified immunity because

Defendants' "conduct was not clearly unlawful under the circumstances alleged in the

complaint"; and (7) "to the extent the Court construes state-law claims, the same should be

dismissed." (Defendants' Mem. of Law in Support of Mot. for Summ. J., dated Jan. 11, 2010

("Def. Mot."), at 1–2, 16, 18, 24.)[1] On or about March 8, 2010, Plaintiff submitted an

affirmation in opposition to Defendants' motion ("Opposition"), stating, among other things,

that, on May 31, 2006, "Plaintiff did assert verbally he is a rastafarian, and [out of] respect for his

religion, . . . requested to be taken to the bathroom . . . to be strip searched." (Aff. of Kadarko

James, dated Mar. 8, 2010 ("James Aff."), ¶¶ 31–32.)

On August 24, 2010, United States Magistrate Judge Kevin Nathaniel Fox, to whom this

matter had been referred, issued a report and recommendation ("Report") recommending that

Defendants' motion for summary judgment be granted in part and denied in part. (Report at 23.)

Judge Fox recommended, among other things, that: (1) the constitutionality of conducting a

group strip search presents a material issue of fact concerning whether Plaintiff's religion

prohibits exposure of the genital area of the body to strangers under the First Amendment and

RLUIPA, but also recommending that summary judgment be granted as to any Eighth

---

1        Defendants sent Plaintiff the required "Notice To Pro Se Litigant Opposing Motion For

Amendment claims related to the strip searches; (2) Plaintiff's "discrimination claim, based on being called racially insensitive and profane names, does not amount to a constitutional violation"; (3) "James' deposition testimony, that he experienced 'stomping' on his head and body, and injuries to his head, neck, back and knee, establishes more than a de minimis use of physical force," creating a material issue of fact and making summary judgment as to Plaintiff's Eighth Amendment claims arising out of the September 11, 2006 encounter inappropriate; (4) summary judgment on Plaintiff's conspiracy claim is appropriate; (5) "[Plaintiff] exhausted his administrative remedies" making summary judgment under the PLRA inappropriate; (6) the doctrine of qualified immunity does not shield Defendants on issues as to which "a material issue of fact exists"; and (7) granting Defendants' request to decline to exercise supplemental jurisdiction over state law claims based on their contention that viable federal claims do not exist, is not warranted because "viable federal claims do exist in this action." (Report at 10, 17, 19–20, 14, 22, 23 (internal quotation marks omitted).)

The Report instructed the parties that they had "fourteen (14) days from service of this Report to file written objections." (Report at 23.) Plaintiff and Defendants each filed objections to the Report, dated September 7, 2010.

**For the reasons stated below, the Report is adopted in part and rejected in part. The Court adopts the Report to the extent that it grants summary judgment to Defendants on certain claims and respectfully rejects the Report insofar as it recommends denying summary judgment as to Plaintiff's strip search claims and Plaintiff's Eighth Amendment claims related to the September 11, 2006 incident.**

---

Summary Judgment" pursuant to Local Rule 56.1, dated January 8, 2010.

## II.    Legal Standard

The Court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court may adopt any portions of a magistrate judge's report to which no objections have been made and which are neither clearly erroneous nor contrary to the law. See Thomas v. Arn, 474 U.S. 140, 150–52 (1985).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

Where, as here, a petitioner is proceeding pro se, the Court construes the petitioner's claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and will "interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 13 F.3d 787, 790 (2d Cir. 1994).  But, "[t]he duty to liberally construe a [pro se] plaintiff's complaint is not the equivalent of a duty to rewrite it." Kirk v. Heppt, 532 F. Supp. 2d 586, 590 (S.D.N.Y. 2008) (internal quotation marks and alterations omitted).

## III.   Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted.  The Court has conducted a de novo review of, among other things, the Complaint, Defendants' Motion, Plaintiff's Opposition, the Report, Defendants' objections, Plaintiff's objections, and applicable legal authorities.[2]

---

2      As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizarro v. Bartlett, 776 F. Supp. 815, 817

### (1) Constitutionality of Group Strip Search

Judge Fox's recommendation against granting summary judgment to Defendants on Plaintiff's claim that the group strip search violated his First Amendment right to free exercise of religion and his rights under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq. ("RLUIPA"), was error in that it is based upon the following conclusions:  (1) "the record is nearly silent on [whether Plaintiff was sincere in his religious beliefs], and, therefore . . . a genuine issue of material fact exists regarding [that issue]"; and (2) "a genuine issue of material fact exists, respecting whether requiring [Plaintiff] to participate in a group strip search is the least restrictive means by which prison officials could inspect him for concealed contraband." (Report at 12, 13.)

"[A] pro se plaintiff, like all plaintiffs opposing a summary judgment motion, cannot rely solely upon the allegations set forth in [her] complaint" and must instead "set out specific facts showing a genuine issue for trial." Headley v. Fisher, No. 06 Civ. 6331, 2010 WL 2595091, at *2 (S.D.N.Y. June 28, 2010) (citing Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996); quoting Fed. R. Civ. P. 56(e)).  To state a free exercise claim, a "prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs. The defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct." Salahuddin v. Goord, 467 F.3d 263, 274–75 (2d Cir. 2006) (internal citation omitted).  To state a claim under RLUIPA, a plaintiff must "adduce[] evidence sufficient to show that the government practice substantially burdens her religious

---

(S.D.N.Y. 1991).  Any objections not specifically addressed in this Order have been considered de novo and rejected.

exercise." Jova v. Smith, 582 F.3d 410, 415 (2d Cir. 2009); see 42 U.S.C. § 2000cc-2(b). "For a

burden to be substantial, a plaintiff must demonstrate that the government's action pressures him

to commit an act forbidden by his religion or prevents him from engaging in conduct or having a

religious experience mandated by his faith." Graham v. Knebel, No. 08 Civ. 4363, 2009 U.S.

Dist. LEXIS 111356, at *8 (S.D.N.Y. Nov. 30, 2009).

Summary judgment for Defendants is warranted where, as here, a prisoner does "not

allege any **specific** burden on his religious belief." Chavis v. Goord, 333 F. App'x 641, 644 (2d

Cir. 2009) (plaintiff confined to "keeplock" for refusing to work on Sunday, which plaintiff

contended burdened his religious exercise, did not allege a specific burden); Jones v. Shabazz,

No. H-06-1119, 2007 U.S. Dist. LEXIS 72640, at *51–54 (S.D. Tex. Sept. 28, 2007) (granting

summary judgment on plaintiff's group strip search claim because "[p]laintiff's specific

allegation" was only of "an isolated incident"); Troy v. Kuhlmann, No. 96 Civ. 7190, 1999 U.S.

Dist. LEXIS 16027, at *26–27 (S.D.N.Y. Oct. 11, 1999) (granting summary judgment because a

"strip search done in a reasonable manner" is "reasonably related to a significant and legitimate

penological interest"); United States v. Ghailani, No. 10 Crim. 1023, 2010 U.S. Dist. LEXIS

60380, at *16 (S.D.N.Y. June 14, 2010) (visual body cavity search "performed whenever

[defendant] travels to or from court . . . is justified by the legitimate governmental interest in

protecting the safety of prison and court personnel and other inmates").

Summary judgment should be granted in favor of Defendants because neither Plaintiff's

free exercise nor his RLUIPA claim is supported by evidence sufficient to show a "specific

burden" placed on his religious exercise or belief by the September 11, 2006 group strip search.

Chavis, 333 F. App'x at 644. As Judge Fox pointed out, "the record is nearly silent on this

6

issue," and it is Plaintiff's burden to produce evidence to support his claim. Salahuddin, 467

F.3d at 274–75; Jova, 582 F.3d at 415. Plaintiff's deposition testimony and affidavits do no

more than repeat the allegations in his Complaint, (Report at 11), which are generally that he "did

not con[s]ent to walking around a gym naked . . . [b]ecause it's against my religion." (Compl. at

3.) Plaintiff stated, among other things, that on earlier dates, "I requested to [be] taken to the

bathroom and strip searched properly before one officer to respect my religious practices" (Dep.

of Kadarko James, dated August 28, 2008 ("James Tr."), at 88:20-22); and he "requested to be

taken to the bathroom . . . to be strip searched" out of "respect for his religion." (James Aff. ¶¶

31–32.) See Chavis, 333 F. App'x at 644; Andreola, 211 F. App'x at 498–99; Hamlin v. Smith,

No. 07 Civ. 1058, 2010 U.S. Dist. LEXIS 69205, at *17–18 (D. Colo. July 12, 2010) (granting

summary judgment on prisoner's RLUIPA and free exercise claims where prisoner failed to

allege specific facts as to the significance of certain holy days); see also Headley, 2010 WL

2595091, at *2.

### (2) Discrimination Claims

Judge Fox correctly concluded that Plaintiff's "discrimination claim, based on being

called racially insensitive and profane names, does not amount to a constitutional violation"

because, among other things, "verbal harassment or even threats alone are not actionable under

42 U.S.C. § 1983." (Report at 19–20); Cotz v. Mastroeni, 476 F. Supp. 2d 332, 372 (S.D.N.Y.

2007).

### (3) Eighth Amendment Claims

Judge Fox correctly concluded that "Plaintiff has not stated an Eighth Amendment claim

in relation to his challenges to the strip searches performed on him" because, among other

7

reasons, these incidents did not "involve a harm of federal constitutional proportions." (Report at 16.) Plaintiff has failed to "demonstrate that Lewis' conduct was objectively 'sufficiently serious'" and that "Lewis acted with a 'sufficiently culpable state of mind.'" (Report at 16); Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997); Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Judge Fox also concluded, among other things, that "James' deposition testimony, that he experienced 'stomping' on his head and body, and injuries to his head, neck, back and knee, establishes more than a 'de minimis use of physical force'"; and "James complained that his 'head hurt' when he was taken to the clinic [on September 11, 2006]," making summary judgment on Plaintiff's Eighth Amendment claim arising out of the September 11, 2006 incident inappropriate. (Report at 14.) But, a claim of cruel and unusual punishment in violation of the Eighth Amendment has both a subjective component requiring "a showing that the defendant [acted with] wantonness" in light of the circumstances, and an objective component focusing "on the harm done, in light of contemporary standards of decency," and on "whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Wright v. Goord, 554 F.3d 255, 268–69 (2d Cir. 2009) (internal citations and quotations omitted). Summary judgment for Defendants is appropriate where, as here, the "evidence of injury [is] slight and the proof of excessive force [is] weak." Wright, 554 F.3d at 269; see Scott v. Coughlin, 344 F.3d 282, 291 (2d Cir. 2003) (evidence is weak where plaintiff alleged a corrections officer struck him in the head, neck, shoulder, wrist, abdomen, and groin, and where medical records after the incident indicated only a slight injury); Cunningham v. Rodriguez, No. 01 Civ. 1123, 2002 WL 31654960, at *5 (S.D.N.Y. Nov. 22, 2002) (where "medical record

8

indicates that [pro se] plaintiff complained of neck, shoulder, lower back, and hip pain, but the doctor found nothing significant aside from muscle pain," force used was de minimis as a matter of law, requiring summary judgment).

Considering all evidence in the light most favorable to Plaintiff, a rational jury could not conclude that Defendants' acted "maliciously or sadistically" toward Plaintiff or caused excessive injury on September 11, 2006 because the medical record evidence indicates that, after the incident, Plaintiff complained that his "head hurt[]," but also that he was "conscious, alert, [and] orate," he "refused physical examination," and that there was "no evidence of acute fracture" of Plaintiff's right knee, only signs of a previous surgery. There was no proof of "excessive injury" to Plaintiff or of "malicious or sadistic" behavior. (James Tr. at 129:3-6; Defs.' Mem. Ex. G, J); see Cunningham, 2002 WL 31654960, at *5. Plaintiff does not put forth evidence, for example, of serious injury or that, after he was allegedly "handcuffed," Defendants maliciously or sadistically targeted the site of Plaintiff's previous surgery. (Defs.' Mem. Ex. K, J); Wright, 554 F.3d at 270 ("Although [plaintiff] stated that [defendant] had placed one hand on [plaintiff's] abdomen at the site of his colon surgery, there was no evidence that that placement was sadistic or malicious [because there was no evidence that defendant] knew or had reason to know that his abdomen was unusually tender."); Sims v. Artuz, 230 F.3d 14, 21–23 (2d Cir. 2000).

**(4) Conspiracy Claim**

Judge Fox correctly concluded that summary judgment is appropriate on Plaintiff's conspiracy claims because Plaintiff fails to show "an agreement between two or more state actors" or "an overt act done in furtherance of [any such agreement.]" (Report at 20); see

9

Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).

### (5) Defendants' Other Arguments

Because the Court finds that Defendants are entitled to summary judgment on all

Plaintiff's claims, the Court does not reach Defendants' arguments concerning the PLRA or

qualified immunity.  And, in light of the dismissal of Plaintiff's Federal causes of action, the

Court declines to exercise supplemental jurisdiction over any state or local law claims that might

be set forth in the Complaint.  See LaGrande v. Key Bank Nat'l Ass'n, 393 F. Supp. 2d 213, 223

(S.D.N.Y. 2005) ("As there are no longer any claims based on federal law in this action and with

due consideration of concerns of judicial economy, convenience and fairness, pursuant to 28

U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining

state law claims."); see also Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir.1993).  The

state and local law claims are dismissed with prejudice.

## IV.    Conclusion and Order

For the reasons stated herein, the Report is adopted in part and rejected in part and

Defendants' motion for summary judgment is granted in its entirety. The Clerk of the Court is

respectfully requested to close this case.

Dated: September 21, 2010
       New York, New York

 

**RICHARD M. BERMAN, U.S.D.J.**

10